**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRIAN CRONIN,
for himself and on behalf of those
similarly situated,

Plaintiff,

v. CASE NO.:

ILLINOIS AVENUE PARTNERS LLC,
a foreign limited liability company,
d/b/a OAKHURST SIGNS, and
BALTIC AVENUE PARTNERS LLC,

Defendants.
____________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRIAN CRONIN, on behalf of himself and other similarly situated employees, brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the "FLSA") against ILLINOIS AVENUE PARTNERS LLC, a limited liability company, d/b/a OAKHURST SIGNS, and BALTIC AVENUE PARTNERS LLC (collectively "Defendants").

**INTRODUCTION**

This is an action for unpaid overtime wages. Plaintiff and his fellow Installers have been systemically denied overtime wages to which they were entitled by law and now seek to hold Defendants accountable. This was not an innocent mistake or oversight. In November 2018, Defendants purchased Plaintiff's employer.[1] Defendants changed the compensation and attendance policies, requiring Plaintiff and his fellow Installers to work an additional 15-30 hours

[1] For purposes of the FLSA, Defendants are a successor employer and accountable for any unpaid overtime wages for hours worked prior to November, 2018.

per week without any additional pay. Defendants knew exactly what they were doing. Under no plausible interpretation of the FLSA were Plaintiff and his fellow Installers exempt from overtime; their job was installing signage at apartment complexes. Discovery in this case will reveal Defendants engaged in a scheme to short Plaintiff and his fellow installers the overtime wages required by the FLSA, willfully and maliciously violating the statute. For Defendants' violations, Plaintiff and his fellow Installers now seek redress including unpaid overtime, liquidated damages and attorneys' fees and costs.

**PARTIES**

1. Plaintiff Brian Cronin worked as an Installer from December, 2016 until December, 2019.

2. Defendants install signage at apartment and condominium complexes located throughout the United States. Defendants' headquarters are located at 12445 62nd Street N., Suite 305, Largo, FL 33773.

**STATEMENT OF FACTS**

3. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

4. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

5. Venue is proper in this Court because the violations of law alleged in this action occurred in the United States District Court for the Middle District of Florida Tampa Division.

6. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

7. Based upon information and belief, the annual gross revenue of Defendants was in

excess of $500,000.00 per annum during the relevant time periods.

8. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA, by virtue of its regular use of sign installation equipment, commercial motor vehicles, sign manufacturing materials, machinery, and other goods from outside the state of Florida.

9. At all times relevant to this action, Plaintiff and others similarly situated were employees of Defendants as defined by the FLSA.

10. At all times relevant to this action, Plaintiff and others similarly situated were non-exempt employees pursuant to the FLSA and were therefore entitled to overtime compensation.

11. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff and others similarly situated overtime wages for those hours worked in excess of forty (40) within a work week.

12. While employed by Defendants in the three years preceding the filing of this Complaint, Plaintiff and others similarly situated were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

13. Plaintiff was paid the equivalent of a salary of $55,000.00 a year.

14. Plaintiff's main job duty was installing signage at apartment and condominium complexes.

15. On or around November, 2018, the company was sold to Defendants. Thereafter, the number of hours plaintiff was required to work increased dramatically.

16. Plaintiff was either expressly told or expected to complete sign installations regardless of whether it required working more than 40 hours per week.

17. To keep his job, Plaintiff did as instructed. Specifically, Defendants did not require Plaintiff to keep track of his time. Plaintiff often worked 15-30 hours per week of overtime. Plaintiff did not have a choice. If Plaintiff did not do as he was instructed by Defendants, he risked being terminated.

18. Defendants knew or should have known that Plaintiff was a non-exempt employee entitled to overtime due to the nature of his work.

19. Defendants knew or should have known Plaintiff was working more than 40 hours per week without receiving overtime compensation.

20. Since Defendants did not require Plaintiff to clock in and out, there are no records that reflect any overtime. In essence, once Plaintiff reached 40 hours in a workweek he was working "off the clock."

21. Upon information and belief, Defendants did not rely on any Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

22. Defendants are sophisticated employers with the resources to ensure compliance with the FLSA. Therefore, Defendants knew or should have known with reasonable diligence that their conduct clearly violated the Fair Labor Standards Act.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff asserts his Count I claim under the FLSA, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all other similarly situated employees currently and formerly employed by Defendants.

24. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class:

**All current and former Installers of Defendants in the three (3) years preceding the filing of the Complaint**

**through the date notice issues in this matter who were not compensated overtime wages based on their regular hourly rate for those hours worked in excess of forty (40) within a work week pursuant to 29 U.S.C. §§ 201-209.**

25. All potential § 216(b) Class members are similarly situated because, *inter alia*, they were all employees of Defendants and, upon information and belief, all suffered from the same policies of Defendants, including that Defendants failed to pay class members overtime wages for each hour of work as mandated by the FLSA.

**COUNT I**
**BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA)**
**29 U.S.C. §§ 201 *et seq.***
**FAILURE TO PAY OVERTIME WAGES**

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Plaintiff asserts this claim on behalf of himself and the § 216(b) Class pursuant to 29 U.S.C. § 216(b).

28. During all times relevant to this action, Plaintiff and all others similarly situated were employed by the Defendants as defined by 29 U.S.C. § 203(g).

29. Defendants failed to pay Plaintiff and the § 216(b) Class the statutory overtime wage for every hour of work over 40 hours per week.

30. During all times relevant to this action, Plaintiff and the § 216(b) Class were employed by Defendants in an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

31. During all times relevant to this action, Plaintiff and the § 216(b) Class were employed by Defendants for handling and otherwise working on goods or materials that had been moved in or were produced for commerce by any person.

32. Defendants had annual gross revenue in excess of $500,000.00 and employed two or more persons, including Plaintiff, who handled and worked on materials which had been moved in interstate commerce.

33. Plaintiff and the § 216(b) Class are individually covered by the Fair Labor Standards Act because they engaged in commerce or in the production of goods for commerce.

34. Defendants failed to pay Plaintiff and the § 216(b) Class the overtime wages required by the FLSA.

35. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and the § 216(b) Class time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the § 216(b) Class are entitled to unpaid overtime wages, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order or orders:

a. Certifying an opt-in class pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.;

b. That appropriate notice of this suit and the opportunity to opt into it be provided to all potential members of the § 216(b) Class;

c. Awarding Plaintiff and the § 216(b) Class unpaid overtime wages, pursuant to 29 U.S.C. §§ 206 and 216;

d. Awarding Plaintiff and the § 216(b) Class costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff and the § 216(b) Class liquidated damages; and

f. Granting such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 13th day of February, 2020.

/s/ *Marc R. Edelman*
**MARC R. EDELMAN, ESQ.**
Florida Bar No.: 0096342
**GEORGE G. TRIANTIS, ESQ.**
Florida Bar No.: 1015574
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-223-5505
Facsimile: 813-257-0572
E-mail: MEdelman@forthepeople.com
E-mail: GTriantis@forthepeople.com
***Attorneys for Plaintiff***